

**FILED**

FEB - 2 2017

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>WILLIAM JESS FOUST,<br><br>Defendant/Movant. | Cause No. CR 14-99-BLG-SPW<br>CV 16-76-BLG-SPW<br><br>ORDER GRANTING § 2255 MOTION<br>AND SETTING RE-SENTENCING |

This case comes before the Court on Defendant/Movant William Jess Foust's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Foust is a federal prisoner proceeding pro se. The United States filed an answer on December 23, 2016, and Foust filed a reply on January 30, 2017.

Foust pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On August 13, 2015, he was sentenced to serve 108 months in prison, to be followed by a three-year term of supervised release. Minutes (Doc. 36); Judgment (Doc. 37) at 2-3.

Foust now alleges that he received ineffective assistance of counsel at sentencing. *See* Mot. § 2255 (Doc. 45) at 4-5. Procedural default, *see* Answer

1

(Doc. 50) at 5-8, is not an issue when a defendant alleges ineffective assistance, *see Massaro v. United States*, 538 U.S. 500, 503-04 (2000). Foust does not allege that his conviction for burglary under California law was not a "crime of violence." *See, e.g.*, Answer at 8-11. He contends instead that the conviction does not contribute to his criminal history calculation because the sentence was pronounced more than 15 years before he committed the instant offense and that counsel was ineffective for failing to say so. He is correct.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Foust must show both that counsel's performance was unreasonable, *id.* at 687-88, and that there is a reasonable probability the total sentence would have been less harsh if counsel had done what Foust says he should have, *id.* at 694.

"[T]he *length* of a sentence of imprisonment is the stated maximum . . . . That is, criminal history points are based on the sentence pronounced, not the length of time actually served." *Id.* § 4A1.2 Application Note 2 (emphasis added). So, for instance, if a person is sentenced to serve five years in prison but actually serves only eight months, the sentence still exceeds a year and a day and meets the criterion of U.S.S.G. § 4A1.1(a)(1).

But "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's

2

*incarceration* extended into this fifteen-year period." U.S.S.G. § 4A1.1 Application Note 1 (emphasis added) (citing §4A1.2(e)). Suppose a defendant faces sentencing for a federal offense committed on January 1, 2015. If he received an eighteen-year sentence on January 1, 1995, but served only four years in prison, was paroled on January 1, 1999, and was never revoked, the sentence does not count against him in the criminal history calculation, because his incarceration on the sentence did not extend to January 1, 2000, or beyond. *See, e.g., United States v. Dewey*, 599 F.3d 1010, 1014-15 (9th Cir. 2010) (following *United States v. Romary*, 246 F.3d 339, 342-44 (4th Cir. 2001) (per curiam)); *see also United States v. Semsak*, 336 F.3d 1123, 1127-28 (9th Cir. 2003); *United States v. Gilchrist*, 106 F.3d 297, 298-301 (9th Cir. 1997); *United States v. Latimer*, 991 F.2d 1509, 1510-11 (9th Cir. 1993); *United States v. Harrington*, 923 F.2d 1371, 1375-76 (9th Cir. 1991).

In sum, in order to count for three points in Foust's criminal history calculation, the California prison sentence *pronounced* had to exceed thirteen months, as it did, *see* U.S.S.G. § 4A1.1(a)(1), *and* some portion of the prison sentence had to be *served* within the fifteen-year period prior to Foust's commission of the instant offense, *see* U.S.S.G. § 4A1.2(e)(1).[1]

Foust pled guilty to possessing firearms on or about August 30, 2014. *See*

---

[1] In effect, this provision rewards a defendant for successfully completing a term of community supervision.

3

Indictment (Doc. 9) at 5-7. Fifteen years prior to that was August 30, 1999. According to the presentence report, Foust was paroled on September 13, 1998. He discharged his parole term without being revoked or resentenced. He was not re-incarcerated after September 13, 1998. *See* Presentence Report ¶ 58. Therefore, Foust's "incarceration" on the California burglary and robbery conviction ended more than 15 years before he committed the instant offense. The conviction could not count against him.

Under U.S.S.G. § 2K2.1(a), the California burglary and robbery conviction entered into determination of the base offense level. Foust's base offense level was 20. U.S.S.G. § 2K2.1(a)(4)(A) & Application Note 1. There appears to be no indication that Foust possessed a semiautomatic weapon or a firearm described in 26 U.S.C. § 5845(a). Therefore, there is at least a reasonable probability the correct base offense level was 14. *See id.* § 2K2.1(a)(6). If that is the case, the total offense level should have been 21, not 27. In addition, the correct criminal history category should have been II, not III. The advisory guideline range would then have been 41 to 51 months. While a sentence of 108 months remains available under 18 U.S.C. § 3553(a), there is at least a reasonable probability that a sentence less than 108 months would have been imposed if the advisory guideline range was 41 to 51 months rather than 87 to 108 months.

As the Court previously noted, defense counsel did good work in many

4

respects in this case. He avoided both an armed career criminal designation and a career offender designation. *See* Order (Doc. 47) at 1. Nonetheless, no one realized that Foust's conviction for burglary under California law should not count against him under the guidelines. That was a matter of black-letter law, not a point of strategy. It is professionally unreasonable for a lawyer to fail to identify a misapplication of the guidelines when the misapplication affects the defendant's sentence. Foust is entitled to be re-sentenced under 28 U.S.C. § 2255.

A certificate of appealability will be denied because no issues were resolved adversely to Foust. *See* Rule 11(a), Rules Governing § 2255 Proceedings.

Nothing in this Order or the prior proceedings determines any portion of the guideline calculation or proceedings at a new sentencing hearing. The new presentence report must include all relevant information to date, including, for example, Foust's conduct in prison.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Foust's motion under 28 U.S.C. § 2255 (Doc. 45) is GRANTED.

2. The amended judgment of September 22, 2015 (Doc. 43), is VACATED.

3. The Federal Defenders shall immediately locate new, conflict-free counsel to represent Foust at re-sentencing. Counsel shall file a notice of appearance, and the Court will issue a formal order of appointment at that time.

4. A re-sentencing hearing is set for **Wednesday, May 31, 2017**, at **9:30**

**a.m.**, in the James F. Battin Courthouse in Billings, Montana.

5. The United States Probation Office shall conduct a presentence investigation and prepare a presentence report. Fed. R. Crim. P. 32(c), (d); 18 U.S.C. § 3552(a).

6. The probation officer shall disclose the completed report, except for recommendations of the probation officer, to Defendant, counsel for Defendant, and counsel for the government on or before **April 11, 2017.** The probation officer shall not disclose any recommendation made or to be made to the Court.

7. If restitution is mandatory, the probation officer shall discuss a payment plan with Defendant and shall make recommendations to the Court concerning interest and a payment schedule.

8. Counsel shall attempt in good faith to resolve disputes over any material in the presentence report. Unresolved objections to be relied upon at sentencing shall be presented to the probation officer on or before **April 25, 2017.** U.S.S.G. § 6A1.2. **Any unresolved objections are expected to be included in the pre-sentence report, not in a sentencing memorandum.**

9. The presentence report, in final form, including any unresolved objections, shall be delivered to the Court and the parties on or before **May 9, 2017.**

10. Sentencing memoranda and supporting documents addressing all

6

relevant re-sentencing issues shall be filed on or before **May 16, 2017.** Absent good cause shown, sentencing memoranda and supporting documents filed after May 16, 2017 will not be considered in addressing re-sentencing issues. Failure to timely file sentencing memoranda may result in imposition of sanctions against counsel.

11. Responses to sentencing memoranda shall be filed on or before **May 23, 2017**.

12. Reply briefs will not be accepted for filing in re-sentencing matters.

13. The Court will resolve objections included in the Addendum to the presentence report at the re-sentencing hearing in accordance with U.S.S.G. § 6A1.3.

14. All parties that intend to have witnesses testify at re-sentencing shall give notice to this Court ten (10) days prior to the re-sentencing date.

15. The United States Marshals Service shall transport William Jess Foust, BOP No. 13421-046, to the District of Montana for the re-sentencing hearing. Foust must be in Montana and available to consult with counsel at least 30 days before the hearing.

16. When a new criminal judgment is entered, the Clerk shall close the civil case by entering judgment in favor of Foust and against the United States.

DATED this 2nd day of February, 2017.

                                                        Susan P. Watters
                                                       United States District Court Judge

cc:    USMS
        FDOM
        USPO